# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs April 29, 2008

## LEBRON MOORE v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Hamilton County**
**Nos. 256713      Don W. Poole, Judge**

_____

**No. E2007-01070-CCA-R3-PC - Filed July 10, 2008**

_____

JOSEPH M. TIPTON, P.J., dissenting.

The last court to consider the petitioner's mental fitness was the trial court that dismissed his post-conviction case without prejudice in 1988 because the petitioner was mentally incompetent to proceed. We are presently faced with a Motion to Reopen form that is quite limited when compared to the form for a petition for post-conviction relief. It does assert, however, that the petitioner was found incompetent and that he did not seek an appeal because he was unaware of the process due to his incompetence.

When a trial court considered the Motion to be a post-conviction petition and appointed counsel, it ordered that the case be set for an evidentiary hearing regarding the petition's timeliness. Unfortunately, counsel did not amend the pleading to include necessary information to pursue a post-conviction case, including any reason that would toll the statute of limitations. Also, counsel did not present any evidence at the hearing that would allow the trial court to consider whether the petitioner's incompetence justified the late filing.

The petitioner lost his original post-conviction day in court because he was found incompetent. He has now lost his day in court for not specifically alleging and proving his incompetence. Under the circumstances of this case, I believe the petitioner should be presumed incompetent for the tolling of the statute of limitations until the state proves to the contrary in an appropriate hearing.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE